## A. DUNHAM *v.* THE STATE.

1. BURGLARY AND THEFT — INDICTMENT — PRACTICE. — An indictment for burglary and theft, though consisting of but one count, may be insufficient to charge the burglary, and yet be sufficient to charge the theft; and it was not error to allow the prosecution, after the evidence was closed, to dismiss as to the charge of burglary and proceed as to that of theft. Burglary and theft may be conjointly charged in a single count, and it is immaterial that the theft is alleged to have been committed from a house.

2. VARIANCE. — Proof of other matters of description besides those alleged in the indictment raises no question of variance.

APPEAL from the District Court of Lavaca. Tried below before the Hon. E. LEWIS.

The indictment charged the theft of a pistol, and also of " several fifty-dollar bills, United States paper currency money, each of the value of fifty dollars," etc. A term of six years in the penitentiary was the punishment assessed. The conviction was on the charge of theft.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J. The defendant was convicted of theft, upon an indictment charging burglary and theft in one count.

The defendant moved to quash upon these grounds : First,

no offence charged; second, duplicitous; third, the indictment contains two indictments, and the first part does not conclude "against the peace and dignity of the State;" fourth, same as the second; fifth, charges theft from house; sixth, does not describe the money.

By reference to the indictment, it will be found to contain every ingredient of theft. Concede that burglary is not properly charged, still theft remains, in all its elements, clearly set forth. Is the indictment duplicitous? Under the rules of criminal pleading we are of opinion that it is not. Bishop's Cr. Proc., sect. 424; *Barnwell* v. *The State*, 1 Texas Ct. App. 745.

Must the two offences be charged in distinct counts? The commencement of each count after the first is abbreviated, and to be read as follows: "The jurors aforesaid, on their oaths aforesaid, do further present," etc. This is not necessary under the common law, and with much stronger reason should it be held unnecessary under our Code. Whart. Prec. of Indict. 368, 567; 1 Hale's P. C. (Stokes & Ing. ed.) 559. Charging theft from house does not vitiate the indictment. Strike the word "house" from it and, so far as theft is concerned, it would still be good.

We are not called upon to decide whether a sufficient description of the money is given. The pistol being of the value of $20, we are of opinion that the indictment is amply sufficient for theft, and that the court did not err in overruling the defendant's exceptions to the same.

After the evidence was closed, the county attorney dismissed as to the charge of burglary; which is complained of by defendant. If after this dismissal there was a good indictment for theft, there was no error. If we are right in sustaining this indictment for theft, it follows that the last objection is not well taken.

The indictment describes the pistol thus: "One six-shooting pistol, Smith & Wesson patent, No. 8515." The State not only proved every description given in the indict-

ment, but that the pistol was " nickel-plated, centre fire, and Schofield improvement." In this there is no variance.

The charges asked by the defendant had been given, in substance, by the court. We do not perceive how their refusal tended in the slightest degree to injure the rights of the defendant. In fact, we think not only the law was given, but the whole law applicable to the evidence was pointedly and clearly charged.

After a careful examination of the record, we fail to find anything tending to show that the defendant did not have a fair and legal trial in the court below, and the judgment is therefore affirmed.

*Affirmed.*